T.C. Summary Opinion 2007-74


UNITED STATES TAX COURT



LAURENCE L. GRABOWSKI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13861-05S.                    Filed May 17, 2007.



Laura Perrin (specially recognized), for petitioner.

Steven W. LaBounty, for respondent.



FOLEY, Judge:  This case was heard pursuant to section 7463[1]
of the Internal Revenue Code.  Pursuant to the provisions of
section 7463(b), the decision to be entered is not reviewable by
any other court, and this opinion shall not be treated as
precedent for any other case.  The issues for decision are

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.

whether petitioner is entitled to certain deductions and is liable for the section 6662(a) accuracy-related penalty relating to 1998.

## Background

During 1998, petitioner and his brother, Patrick Grabowski, operated several businesses including a property management company, a trailer park, and two motels (collectively, the businesses). Petitioner was responsible for the onsite management of the businesses while Patrick paid the expenses and maintained the books and records.

Petitioner, on his 1998 Federal income tax return, reported losses relating to the businesses. On April 25, 2005, respondent issued petitioner a notice of deficiency relating to 1998. Respondent determined that petitioner did not substantiate the losses relating to the businesses and was liable for the section 6662(a) accuracy-related penalty.

On July 25, 2005, petitioner, while residing in Lake Ozark, Missouri, filed his petition with the Court.

## Discussion

Petitioner contends that the losses relating to the motels and trailer park are deductible pursuant to section 162. Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Petitioner must maintain sufficient records

to substantiate the amounts of the deductions.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Petitioner did not produce evidence to substantiate the losses claimed.  Accordingly, we sustain respondent's determinations.[2]

Section 6662(a) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to various factors including negligence or a substantial understatement of income tax.  See sec. 6662(b)(1) and (2).  Negligence includes any failure to make a reasonable attempt to comply with the law or maintain adequate books and records.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  An understatement is substantial if it exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the return.  Sec. 6662(d)(1)(A)(i) and (ii).  Respondent bears the burden of production relating to the penalty.  Sec. 7491(c).

Respondent established that petitioner erroneously reported income resulting in a $25,643 understatement of tax relating to 1998.  Section 6664(c)(1), however, provides that no penalty shall be imposed if a taxpayer demonstrates that there was reasonable cause for the underpayment and the taxpayer acted in good faith.  The determination of whether a taxpayer acted with reasonable cause and in good faith depends upon the facts and circumstances.  See sec. 1.6664-4(b)(1), Income Tax Regs.

---

[2] Sec. 7491(a) is inapplicable because petitioner failed to introduce credible evidence within the meaning of sec. 7491(a)(1).

Petitioner contends that he was unable to substantiate the losses because Patrick refused to provide the businesses' records. On August 16, 2002, the Superior Court of California, County of Orange, issued an order requiring Patrick to provide petitioner with the business records. Patrick did not comply with the California Court's order. On February 26, 2007, Patrick evaded service of a subpoena for the 1998 records and did not provide petitioner with access to such records. Petitioner has earnestly and diligently attempted to obtain the requisite documentation. Thus, he has demonstrated reasonable cause for his failure to substantiate the losses and has acted in good faith. Accordingly, petitioner is not liable for the section 6662(a) accuracy-related penalty.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for respondent as to the deficiency; decision will be entered for petitioner as to the accuracy-related penalty</u>.